OPINION
{¶ 1} On December 4, 2001, appellant, Heather Selick, fka Schaffer, and appellee, David Schaffer, were divorced. The parents have three minor children. Appellant was named residential parent and legal custodian and appellee was granted parenting time. Thereafter, a dispute arose regarding visitation. On November 8, 2002, an agreed entry was filed wherein the parties agreed to a new visitation schedule.
 {¶ 2} On April 12, 2004, appellant filed a motion to modify visitation, seeking to terminate or reduce appellee's visitation. An evidentiary hearing was held on March 18, 2005. By judgment entry filed April 14, 2005, the trial court denied appellant's motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT APPLIED THE WRONG STATUTORY STANDARD IN DECIDING APPELLANT'S MOTION TO MODIFY VISITATION."
 II {¶ 5} "THE TRIAL COURT'S DECISION CONSTITUTES AN ABUSE OF DISCRETION."
 I {¶ 6} Appellant claims the trial court erred in using the "change of circumstances" test set forth in R.C.3109.04(E)(1)(A). We agree.
 {¶ 7} In its judgment entry filed April 14, 2005, the trial court specifically quoted R.C. 3109.04(E)(1)(A) relating to the modification of parental rights and responsibilities which states the following in pertinent part:
 {¶ 8} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child."
 {¶ 9} Based upon this standard, the trial court found the following:
 {¶ 10} "The Court finds as a matter of law that sole incident testified to occurring after the date of the agreed Judgment Entry, `swatting' the daughter's legs is insufficient to constitute a `change of circumstance' as required as a threshold condition to a modification of a prior decree."
 {¶ 11} R.C. 3109.04(E)(1)(A) cites the "change of circumstances" test in any modification of parental rights and responsibilities however, this test is not applicable to issues regarding visitation which is controlled by R.C. 3109.05. Said statute sets forth the "best interest" test and involves a consideration of factors enumerated in R.C. 3109.051(D) and (F)(2). In re Jones, Butler App. No. CA2002-10-256, 2003-Ohio-4748. A finding of a change of circumstances is not required in considering a modification of parenting times:
 {¶ 12} "The party requesting a change in visitation rights need make no showing that there has been a change in circumstances in order for the court to modify those rights. Pursuant to R.C. 3109.051(D), the trial court shall consider the fifteen factors enumerated therein, and in its sound discretion shall determine visitation that is in the best interest of the child." Braatz v. Braatz (1999), 85 Ohio St.3d 40, paragraph two of the syllabus.
 {¶ 13} Upon review, we find the trial court used the incorrect standard. The decision is reversed and the matter is remanded for consideration pursuant to R.C. 3109.051(D) and (F)(2).
 {¶ 14} Assignment of Error I is granted.
 II {¶ 15} Appellant claims the trial court's decision was against the sufficiency of the evidence. Given our decision in Assignment of Error I, we find this assignment to be moot.
 {¶ 16} The judgment of the Court of Common Pleas of Richland County, Ohio, Domestic Relations Division is hereby reversed and remanded.
By Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, Domestic Relations Division is reversed and the matter is remanded to said court for further proceedings consistent with this opinion.